GEORGE W. RICHARDSON & another *vs.* THE PRESIDENT, DIRECTORS AND COMPANY OF THE CITY BANK & others.

An indorser, paying a note which the holder has proved in insolvency against the maker's estate, may take an assignment of the debt proved and receive dividends upon the whole amount thereof, although he holds security for his indorsement from a prior indorser to nearly the amount of the note; and although that prior indorser took the security from the maker in fraud of the insolvent laws, and has therefore been obliged to pay the value thereof to the maker's assignee in insolvency.

PETITION IN EQUITY under *St.* 1838, *c.* 163, § 18, by the assignees in insolvency of Whittemore, Harrington & Co. against the City Bank, Samuel P. Harrington and Francis H. Dewey. The parties submitted the case to the decision of the court upon the following facts :

The City Bank, on the 22d of October 1857, discounted a note of Whittemore, Harrington & Co. for $4160, indorsed for their accommodation by Samuel P. Harrington and Francis H.

Dewey. On the 23d of November the makers applied for the benefit of the insolvent laws, and the bank proved this note against their estate at the first meeting of their creditors, and afterwards, upon being paid the amount of the note at maturity by Dewey, made an assignment to him of any dividends that might be declared thereon. At the time of Samuel P. Harrington's indorsement, Whittemore, Harrington & Co. were in failing circumstances, as Harrington knew; and he indorsed the note for the purpose of raising funds to meet liabilities which he was then under for their accommodation, and applied the proceeds of the discount to that purpose. To secure himself for his indorsement, he received from Whittemore, Harrington & Co. two promissory notes, their property, amounting to $4000, the value of which has since been recovered from him by the assignees, in an action at law, as having been obtained by him in fraud of the insolvent laws.

Dewey, at the time of indorsing the note for $4160, received from S. P. Harrington, as security, the two notes for $4000, in good faith, without knowledge of the failing condition of the firm, or of the purpose of Harrington; and has since been paid the amount thereof by the makers.

The prayer of the petition was that the proof of the note for $4160 should be expunged from the record, or that the dividend thereon should be upon $160 only.

*T. L. Nelson,* for the plaintiffs. The City Bank, having received payment in full of the note, has no further claim on the estate of the makers. And Dewey's interest extends, at most, to the amount remaining unpaid on the note, after deducting what he has received from the security given to him by Samuel P. Harrington. *Sohier* v. *Loring,* 6 Cush. 537. *Lanckton* v. *Wolcott,* 6 Met. 305.

Under the insolvent law, a surety or indorser is not entitled, upon payment of a debt, to an assignment of the dividends thereon, if the creditor has proved the debt against the estate. *St.* 1838, *c.* 163, § 3. Burge on Suretyship, 481, 485. *Ex parte Turner,* 3 Ves. 243.

Samuel P. Harrington has no claim upon the dividends which

may be declared upon the note. The facts disclose a complete defence to the note in his hands. He cannot, by allowing the proof to stand for his benefit, do indirectly what he could not legally do directly. He has paid nothing and may never pay anything on the note, beyond the $160 remaining due to Dewey, and therefore does not bring himself within the English rule. *Sts.* 1841, *c.* 124, § 3 ; 1856, *c.* 284, §§ 26, 27, 32. *Lee* v. *Kilburn*, 3 Gray, 594. Burge on Suretyship, 481, 485.

The recovery from him of the value of the notes for $4000 cannot operate as a payment by him of the notes for $4160, as the property in them had already passed as against him to the assignees, and they only reclaimed their property. *Sts.* 1838, *c.* 163, § 5 ; 1856, *c.* 284, §§ 26, 27, 32.

*F. H. Dewey & H. Williams*, for the defendants.

MERRICK, J.* The note of Whittemore, Harrington & Co. for $4160 was properly proved against their estate in insolvency by the President, Directors and Company of the City Bank, by whom it had been discounted and to whom it was due. They were under no obligation to resort to an indorser to obtain payment of the note from him, but might insist upon recovering it from the makers, and, having proved the claim against them, were entitled to receive whatever dividends the assignees should afterwards be ordered in the due course of proceedings to pay upon it. This was a right which, like the note itself, or any other chose in action, might be assigned by them to a third person. And for a valuable consideration paid by Mr. Dewey it was in fact assigned to him ; and he thereupon succeeded to all the rights of the bank in relation to it, and became entitled to receive all future dividends which should be payable upon the claim. It makes no difference, that he was one of the indorsers upon the note, and liable in that relation, and as a surety for the makers, to pay it. The bank was not thereby prevented from dealing with him as a purchaser, but might, instead of coercing him as an indorser, sell and assign to him its interest in the note. It was just and reasonable that the bank should do so,

---

* DEWEY, J. did not sit in this case.

because this was the most direct and convenient mode in which the rights to which he was legally entitled could be protected. For if he had paid the note as an indorser, and no assignment had been made of it, or of the claim proved by the bank, to him, he would have had a right to prove the amount of that payment as a claim of his own against the makers in insolvency; thus in another way of proceeding becoming in reality substituted in the place of the original creditor. *St.* 1838, *c.* 163, § 3.

Mr. Dewey did not lose his right to avail himself of every legal remedy against the makers of the note, merely by receiving security against his liability upon it from a prior indorser. His acceptance of such security did not in the least degree impair his rights against the makers in their obligation to pay the note. And if, in obtaining entire or partial payment from them, any advantage incidentally results to the prior indorser who had undertaken to indemnify him, neither they nor their creditors have any cause of complaint, for no injustice is done to any of them. The full value of the notes which were transferred to Mr. Dewey as security by S. P. Harrington, the first indorser, and which formerly belonged to the insolvent debtors, was fully paid by him to their assignees upon their demand, and the notes accordingly became his property, to be disposed of at his own pleasure without further accountability therefor. The assignees could afterward have no interest in them, nor any right to insist that the money received upon them by Mr. Dewey should be applied towards payment of the note of Whittemore, Harrington & Co., the makers, upon which the indorsers were merely sureties. *Decree affirmed.*